## BISTANY v. FARGO.

(Supreme Court, Appellate Division, Fourth Department.   March 6, 1912.)

1. CARRIERS (§ 132*)—DAMAGES TO SHIPMENT—BURDEN OF PROOF.

Where, in an action for damages to a shipment of barreled goods, it is shown that the barrels have been broken open in transit, the burden is upon the carrier to prove that the damage was so occasioned as to relieve it from liability.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. § 132.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. CARRIERS (§ 136*)—DAMAGE TO SHIPMENT—JURY QUESTION.

 Where, in an action for damages to a shipment of barreled goods, which arrived in a damaged condition, with the barrels broken open, the evidence raised an issue as to whether the breakage occurred in transit, it was for the jury to determine where the breakage occurred and whether it contributed to the damage.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 596–598; Dec. Dig. § 136.*]

 Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Khalil A. Bistany against James C. Fargo, as president of the American Express Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Edward C. Randall, for appellant.

Rogers, Locke & Babcock, for respondent.

FOOTE, J. [1] While the contents of the five barrels of sheep guts were all, to some extent, in bad order on their arrival in Buffalo, the two barrels which were broken open were in far worse condition, and their value destroyed. If the breakage of these two barrels occurred in transit, their condition was sufficient evidence of negligent rough handling to call upon the defendant to show that the damage was occasioned in a manner or at a time or place to relieve the defendant from liability under the shipping contract.

[2] We think the evidence presented a question of fact for the jury as to whether these two barrels were broken and damaged in transit, or before their delivery to the drayman who took them from the station to the custom house in Buffalo. If so broken, the jury could have found that it caused or contributed to the damaged condition of the contents. For this reason, we think the learned trial judge was in error in directing a verdict for the defendant.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except KRUSE, J., who dissents, upon the ground that it does not appear that the bad condition of the contents of the barrels was through any fault of the defendant, or from any cause for which it is liable.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes